UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:18-cr-509-CEH-TGW

JOSE LUIS PINARGOTE-
BAQUERIZO

_____

**ORDER**

This matter comes before the Court on Defendant Jose Luis Pinargote-Baquerizo's motion for transcripts and other documents related to his case (Doc. 165) and his similar motion seeking all transcripts and evidence from the case, as well as appointment of counsel (Doc 170). In the first motion, Defendant requests that he be sent a certified copy of his transcripts, evidence from the case, and his presentence investigation report. *See* Doc. 165. In the second, he asks for a court-appointed lawyer as well as all documents from the instant case. *See* Doc. 170.

Each motion is about a page long and was filed *pro se*. The Court will address Defendant's request for counsel and copies of documents separately. First, as to the request for appointment of counsel, Defendant asks for a court-appointed lawyer for the purposes of "direct appeal" based on unspecified laws having changed. Doc 170 at 1. This motion is largely the same as his previous Motion to Appoint Counsel (Doc., 166) which the magistrate judge denied on June 26, 2023 (Doc. 167). Defendant's motion is due to be denied again for largely the same reasons.

First, he fails to show that he is entitled to appointment of counsel in connection with the matter and does not state a basis for the requested relief. A defendant has a constitutional right to counsel through his direct appeal. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (holding that Sixth Amendment right to counsel extends through first direct appeal as of right and no further). However, appeals by a convicted defendant must be taken within 14 days after entry of the judgment appealed from, unless a timely motion for new trial has been made—in which case an appeal may be taken within 14 days after entry of an order denying the motion. This time may be extended up to 30 days on a showing of excusable neglect. *See* Fed. R. App. P. 4(b).

Defendant, however, did not file a direct appeal, and his conviction therefore became final fourteen days after the Judgment was entered on November 28, 2022, when the time to appeal expired. *See Murphy v. United States,* 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the ... entry of either the judgment or the order being appealed."). As the magistrate judge pointed out, there is no federal constitutional right to counsel in postconviction proceedings. *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006). Therefore, because Defendant fails to provide any legal grounds for appointment of counsel in this case, his motion will be **DENIED**.

Next, to the extent Defendant seeks transcripts in each of his motions, these requests are due to be denied, without prejudice to Defendant requesting the transcripts he seeks directly from the court reporter who transcribed it.[1] The court reporter or Clerk's Office will follow up with him about his request.

Next, the Court addresses Defendant's request for various documents from the case, including "all evidence" from his case and his presentence investigation report. *See* Docs. 165, 170. Defendant's motion provides no legal basis for his requested relief, and Defendant fails to provide any basis upon which the Court could provide him with "all evidence" from the case. *See* Middle District of Florida Local Rule 3.01(a) ("A motion must include . . . a legal memorandum supporting the request."); *United States v. Vargas,* No. 8:13-CR-191-VMC-AEP, 2020 WL 5076248, at *1 (M.D. Fla. Aug. 26, 2020) (denying an incarcerated defendant's motion for the fact that he did "not identif[y] any . . . legal basis on which this Court might grant relief."). The Court will **GRANT** Defendant's request in part, however, to the extent that the clerk will be ordered to send him a copy of the docket in this case.

---

[1] Defendant was sentenced on November 28, 2022, by Judge Charlene Edwards Honeywell (docket entry 146). The court reporter for this proceeding was Sharon A. Miller. Ms. Miller may be contacted at the following address:

   Sharon A. Miller (court reporter)
   801 N. Florida Ave.
   Tampa, Florida 33602

When making his request, Defendant should provide his case number, the date of sentencing, and his contact information.

As to his request for transcripts, Defendant is not simply entitled to free transcripts or copies of other documents because he claims to be preparing a motion to vacate under 28 U.S.C. § 2255 or another post-conviction motion. *See* Doc. 165 at 1. Rather, he must show a need for the transcripts. *See* 28 U.S.C. § 753 (requiring an indigent prisoner to make a showing that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented").[2]

The statute also authorizes free transcripts for indigent defendants "in criminal proceedings," "in habeas corpus proceedings," or when pursuing a non-frivolous appeal. *See* 28 U.S.C. § 753. Here, however, there is no pending appeal or post-conviction proceeding. Thus, the Court cannot say that the action is not frivolous or that transcripts are necessary to decide the issues. *See, e.g., United States v. MacCollom,* 426 U.S. 317, 327 (1976) (noting Section 2255 petitioner's blanket claim of ineffective assistance of counsel, where any discussion he may have had with his trial counsel would not normally appear in the transcript of proceedings, is not likely to be cured by a transcript). Defendant's Motion fails to explain why the transcript or specific

---

[2] Even after a § 2255 motion or habeas petition is filed, a movant is generally "not entitled to discovery as a matter of ordinary course" but must instead demonstrate "good cause." *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006); *see also* Rules 1(b) and 6(a) of the Rules Governing § 2254 Cases; Rule 6(a) of the Rules Governing Section 2255 Proceedings*; United States v. Hollis*, 2010 WL 892196 (D. Ak. Mar. 10, 2010) (denying document unsealing without a relevancy showing because such production would just be a "fishing expedition for the sake of turning up new potential 2255 claims"). Here, Defendant has not made any need-based showing for these documents. His request is therefore denied. *Glover v. United States,* No. CR416-258, 2018 WL 3685505, at *2 (S.D. Ga. July 6, 2018), *report and recommendation adopted*, No. CR416-258, 2018 WL 3660358 (S.D. Ga. Aug. 2, 2018).

documents are needed to decide any issues; therefore, his motion for copies of documents and evidence in this case will be **DENIED**.

Finally, although Defendant is not represented by counsel, he is not entitled to free copies of documents from the case. *Jackson v. Fla. Dep't of Fin. Servs.,* 479 F. App'x 289, 292-293 (11th Cir. 2012) (relying on *Harless v. United States,* 329 F.2d 397, 398-99 (5th Cir. 1964)) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcripts of record, without payment therefor, for use in proposed or prospective litigation."); *see also* 28 U.S.C. § 1914(b) (prescribing that the Court collect certain fees, including those for copies).

Thus, as to any other specific copies Defendant may seek, the fee associated with reproducing any paper record is $0.50 per page. 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, 4.a.). The Clerk requires the prepayment of fees prior to providing copies of any documents. *See* 28 U.S.C. § 1914(c).

To inquire about the number of pages in and, therefore, the cost of ordering a copy of a specific filing, Defendant shall write a letter to the Clerk identifying his case number, explaining his desire to purchase copies, and listing the specific docket entries he seeks. The Clerk will then mail to Defendant information concerning the costs of copies. Then, if necessary, Defendant can follow the procedures at his place of incarceration to direct money from his prisoner account to the Clerk's Office.

Accordingly, it is **ORDERED**:

1. Defendant Jose Luis Pinargote-Baquerizo's Motion for Miscellaneous Relief (Doc. 165) is **DENIED** to the extent he seeks appointment of counsel.
2. Defendant's Motions for Miscellaneous Relief (Docs. 165, 170) are **GRANTED-IN-PART,** to the extent that the Court will provide Defendant with a copy of the docket in this case. They are otherwise **DENIED**.
3. The Clerk shall provide a copy of the docket in this case to Defendant.
4. Defendant shall follow the procedures outlined in this Order to pay for any copies or transcripts he requests.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties